# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SPENCER GILES, individually and on behalf of similarly situated persons,<br><br>              Plaintiff,<br><br>  v.<br><br>SHRI YAMUNA ENTERPRISES, INC., GSJ COVINGTON, LLC, GOPI COVINGTON, LLC, SANJAY PATEL, GANI MOHAMMED, RIZWAN MOMIN, and DOES 1-20 inclusive,<br><br>              Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Spencer Giles, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants alleges as follows:

1. Defendants operate a chain of Marco's franchise restaurants in Georgia. Defendants employ delivery drivers who use their own automobiles to deliver food to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the

delivery drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff Spencer Giles brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to him and similarly situated delivery drivers employed by Defendants at their Marco's restaurants.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question)

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants Shri Yamuna Enterprises, Inc., GSJ Covington, LLC and Gopi Covington, LLC maintain their principal places of business within this District and Division; upon information and belief, the individual Defendants reside within this District and Division; Defendants operate Marco's restaurants in this District and Division, Defendants employed Plaintiff within this District and Division; and a substantial part of the events giving rise to the claim herein occurred in this District and Division.

## Parties

5.     Defendant Shri Yamuna Enterprises, Inc. is a Georgia corporation which maintains its primary place of business in this District and Division and which, in conjunction with the other Defendants, operates a chain of Marco's restaurants within this District and Division.

6.     Defendant GSJ Covington, LLC is a Georgia limited liability company which maintains its primary place of business in this District and Division and which, in conjunction with the other Defendants, operates a chain of Marco's restaurants within this District and Division.

7.     Defendant Gopi Covington, LLC is a Georgia limited liability company which maintains its primary place of business in this District and Division and which, in conjunction with the other Defendants, operates a chain of Marco's restaurants within this District and Division.

8.     Defendants Does 1-20 inclusive are to be identified later through discovery as entities that, together with the other Defendants, have operated a chain of Marco's restaurants during times relevant.

9.     Defendants constitute a "single employer" or "single integrated employer" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

10. Alternatively and cumulatively, Defendants are liable for each other's acts and omissions because they constitute "joint employers" as they share power to hire and fire employees, share supervision and control of employee work schedules or conditions of employment, jointly determine the rate and method of payment, and jointly maintain make payroll decisions and keep employment records.

11. Alternatively and cumulatively, because the work performed by Plaintiff and all other delivery drivers simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the "joint employers" of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

12. Upon information and belief, Defendant Sanjay Patel is a *sui juris* individual who has owned a substantial part of the defendant entities; has served as an officer and/or member of the defendant entities; has been involved in the entity Defendants' day-to-day operations; has held direct responsibility for supervising employees and/or has controlled significant aspects of the entity Defendants' day-to-day functions including compensation of employees, reimbursement of employees or other matters in relation to employees. Defendant Patel therefore falls within the FLSA's broad definition of "employer." 29 U.S.C. § 203(d).

13. Upon information and belief, Defendant Gani Mohammed is a *sui juris* individual who has owned a substantial part of the defendant entities; has served as

an officer and/or member of the defendant entities; has been involved in the entity Defendants' day-to-day operations; has held direct responsibility for supervising employees and/or has controlled significant aspects of the entity Defendants' day-to-day functions including compensation of employees, reimbursement of employees or other matters in relation to employees.  Defendant Mohammed therefore falls within the FLSA's broad definition of "employer." 29 U.S.C. § 203(d).

14.  Upon information and belief, Defendant Rizwan Momin is a *sui juris* individual who has owned a substantial part of the defendant entities; has served as an officer and/or member of the defendant entities; has been involved in the entity Defendants' day-to-day operations; has held direct responsibility for supervising employees and/or has controlled significant aspects of the entity Defendants' day-to-day functions including compensation of employees, reimbursement of employees or other matters in relation to employees.  Defendant Momin therefore falls within the FLSA's broad definition of "employer." 29 U.S.C. § 203(d).

15.  Plaintiff Spencer Giles was employed by Defendants March 2016 to July 2020 as a delivery driver.  His consent to join form is attached hereto as "Exhibit 1."

## General Allegations

### *Defendants' Business*

16. Defendants together own and operate a chain of Marco's restaurants in Georgia.

17. Defendants employ delivery drivers who all have the same primary job duty: to deliver pizza and other food items to Defendants' customers using the delivery drivers' personal automobiles.

### *Defendants' Flawed Reimbursement Policy*

18. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering food to Defendants' customers.

19. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering food for the primary benefit of Defendants.

20. Defendants' delivery driver reimbursement policy reimburses delivery drivers on a per-delivery basis, but the equivalent per-mile reimbursement is far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

21. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their delivery drivers' automobile expenses.

22. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a sedan ranged between $.531 and $.581 per mile between 2017 and 2019 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in restaurant delivery.

23. The driving conditions associated with pizza delivery cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle due to the nature of the pizza delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

24. Defendants' delivery driver reimbursement policy does not reimburse their delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

25. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

26. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their delivery drivers' net wages are diminished beneath the federal minimum wage requirements.

27. In sum, Defendants' delivery driver reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

28. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' delivery driver reimbursement formula has resulted in an unreasonable underestimation of their delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

29. Plaintiff Giles was paid $7.25 per hour during his employment with Defendants, including a tip credit applied to the time he spent delivering pizzas.

30. The federal minimum wage has been $7.25 per hour since July 24, 2009. http://www.dol.gov/whd/minwage/chart.htm.

31. During Plaintiff Giles' employment, Defendants' per-delivery reimbursement rate was approximately $1.10.

32. During his employment with Defendants, Plaintiff Giles experienced an average round-trip delivery distance of at least 6 miles per delivery.

33. Thus, Defendants' average effective reimbursement rate for Plaintiff Giles was approximately $.18 per mile ($1.10 per delivery or delivery / 6 miles per delivery), or less.

34. During Plaintiff Giles' employment with Defendants, the lowest IRS business mileage reimbursement rate was $.535 per mile, which reasonably approximates the automobile expenses incurred in delivering pizzas to Defendants' customers. Using that IRS rate as a reasonable approximation of Plaintiff Giles' automobile expenses, every mile driven on the job decreased his net wages by approximately $.355 ($.535 - $.18 = $.355). Considering Plaintiff Giles' estimate of at least 6 average round-trip miles per delivery, Defendants under-reimbursed him about $2.13 per delivery ($.355 under-reimbursement per mile x 6 average miles per delivery miles = $2.13 average under-reimbursement per delivery).

35. Plaintiff Giles' estimates that he performed an average of about 2 deliveries per work hour during his employment with Defendants.

36. Thus, using the lowest IRS rate in effect during Claimant's employment as a reasonable estimate of Plaintiff actual vehicle expenses, Plaintiff consistently "kicked back" to Defendants approximately $4.26 per hour ($2.13 "kickback" per delivery x 2 average deliveries per hour = $4.26), for a net wage rate of about $2.99 ($7.25 per hour nominal wage rate - $4.26 per hour "kickback" = $2.99 per hour net wage rate) or less.

37. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received the same reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

38. Because Defendants paid their delivery drivers a gross hourly wage at or very close to the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

39. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Marco's

restaurants. Thus, although reimbursement amounts may differ somewhat by time, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time.

40. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

41. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective Action Allegations

42. Plaintiff brings the FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

43. The FLSA claim may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

44. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay delivery drivers the federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential opt-in plaintiffs may be notified of the pendency of this action via mail.

45. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering food to Defendants' customers;

b. They have delivered food to Defendants' customers using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering food for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy and amounts that under-estimate automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed based on the same amount, or a substantially similar amount, per delivery; and

    i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

### Count I: Violation of the Fair Labor Standards Act of 1938

46. Plaintiff reasserts and re-alleges the allegations set forth above.

47. At all relevant times, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

48. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

49. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

50. Defendants are subject to the FLSA's minimum wage requirements because they comprise an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

51. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

52. As alleged herein, Defendants have reimbursed their delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

53. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

54. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

55. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' restaurants.

56. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff

joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

57. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants lacked good faith and reasonable grounds to believe their actions and omissions complied with the FLSA, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4)

pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* application forthcoming)
11500 Olive Boulevard, Suite 133
St. Louis, Missouri 63141
Telephone:  (314) 997-9150
Facsimile:   (314) 997-9170
markp@wp-attorneys.com

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh
(*pro hac vice* application forthcoming)

225 South Meramec Ave., Suite 1200
St. Louis, Missouri  63105
Telephone: (314) 433-9300
Facsimile: (314) 300-6262
elikarsh@aol.com

**WEINER & SAND LLC**
*/s/ Andrew Weiner*
Andrew Weiner (GA Bar #808278)
800 Battery Avenue SE
Suite 100
Atlanta, Georgia 30339
Telephone:  (404) 254-0842
Facsimile:  (866) 800-1482
aw@atlantaemployeelawyer.com

**ATTORNEYS FOR PLAINTIFF**