**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SPENCER GILES, *individually and on behalf of similarly situated persons,* | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:20-CV-04489-ELR |
| SHRI YAMUNA ENTERPRISES, INC., et al., | * * * * | |
| Defendants. | * * | |

_____

**O R D E R**

_____

Presently before the Court is Named Plaintiff Spencer Giles's "Unopposed Motion to Approve Collective Action Settlement."[1] [Doc. 60]. Significantly, Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." See Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (internal quotation marks omitted) (quoting Barrentine v. Ark.-Best Freight Sys., 450 U.S. 728, 739 (1981)). Taking into

---

[1] While Defendants did not join in Named Plaintiff's current motion, the memorandum in support indicates that "Defendants do not oppose this Motion." [See Doc. 60 at 1]. Additionally, Defendants have not filed any opposition in response and the time for doing so has expired. See LR 7.1(B), NDGa.

account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. See id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. See id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing Named Plaintiff's instant motion [Doc. 60], the Court finds there is a bona fide dispute regarding claims arising under the FLSA and that the Parties' proposed Settlement Agreement [Doc. 60-1] represents a fair and reasonable resolution to this action. Particularly, the Court notes that Defendants have agreed to pay Named Plaintiff and the nineteen (19) other Opt-In Plaintiffs amounts that were individually calculated to "fully and finally resolve and satisfy" each Plaintiff's claims for reimbursement of employee-paid job-related vehicle expenses. [See Doc. 60-1 at 3]. Named Plaintiff's motion provides that these reimbursements were calculated to provide each Plaintiff "the equivalent of 100% of their minimum wage damages calculated at the IRS standard business mileage rate ('IRS rate') plus approximately 44% of their liquidated damages[,]" or put differently, "the settlement provides Plaintiffs 72% of their maximum damages, calculated at the IRS rate." [See Doc. 60 at 6, 11] (collecting cases approving similar FLSA settlement agreements).

Separately, the instant motion states that the Parties determined during the course of discovery that Named Plaintiff Giles "was the only one of the Plaintiffs [Opt-In or otherwise] to suffer an overtime pay violation." [See id. at 7]. Thus, Named Plaintiff represents in his motion that this claim "was settled on an individual basis" and the Parties' proposed Settlement Agreement includes an award of $5,000.00 to Named Plaintiff Giles "for a general release, including release of his overtime pay damages." [See Docs. 60 at 6–7, 16; 60-1 at 4].

Thus, pursuant to the proposed Settlement Agreement, the Parties provide that the settlement amount will "fully and finally resolve and satisfy any and all claims by the Named Plaintiff and the Opt-In Plaintiffs[.]" [See Doc. 60-1 at 2]. Further, although Defendants deny Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. [See id. at 1, 6].

Additionally, the Court finds Plaintiffs' attorneys' fees to be reasonable. [See Docs. 60 at 19–29; 60-1 at 4]; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement."). The instant motion indicates that Plaintiffs' attorneys' fees were agreed to "separately from, and in addition to, the Plaintiffs' recovery." [See Doc. 60 at 7].

Accordingly, the Court **GRANTS** Named Plaintiff's "Unopposed Motion to Approve Collective Action Settlement." [Doc. 60]. The Court **DIRECTS** Defendants to pay Plaintiffs and their counsel the amounts set forth in the Settlement Agreement. [Doc. 60-1]. The Court further **DIRECTS** the Parties to file a stipulation of dismissal upon payment of the settlement funds as contemplated by their Settlement Agreement. [Doc. 60-1 at 4]. If settlement fails for any reason, the Parties should promptly move to reopen the case.

**SO ORDERED**, this 9th day of May, 2022.

                                                    _____
                                                    Eleanor L. Ross
                                                    United States District Judge
                                                    Northern District of Georgia